UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FERNANDO CAMPBELL

                                    Plaintiff


                         -against-


LATAM AIRLINES GROUP AND PROFESSIONAL                    **COMPLAINT**
AVIATION MARKETING INC.

                                    Defendants
---------------------------------------------------------------X


## JURISDICTION AND VENUE


1. **Federal Question Statute**: Title VII of the Civil Rights Act of 1964.

2. **Jurisdictional Statute**: 28 U.S.C. §1331.

3. **Supplemental Jurisdiction:** Plaintiff Invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 overall non-federal claims so related asserted herein including the New York Exec. Law §296 et. seq, the New York City Administrative Code § 8-101(7), NYLL §215, NYLL §191, and NYLL §198 (1-d).

4. **Basis for the venue:** Pursuant to 28 U.S.C. §1391 (b)(2): a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.


## THE PARTIES

5. Plaintiff Fernando Campbell ("Campbell") resides at 147-25 Sanford Ave. Apt. 1A. Flushing, NY 11355.

6. On information and belief LATAM AIRLINES GROUP ("Latam") is a business located at JFK international airport, Terminal 4, Queens, NY, 11430.

7. On information and belief Professional Aviation Marketing ("PAM") is a business located at 7270 NW 12th St. Suite 680 Miami, FL 33126.

8. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, Latam performed one or more of the following actions: (1) hire the Plaintiff (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for Plaintiff.

9. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, PAM performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

**P**LAINTIFF **C**AMPBELL

10.  The Defendants employed Plaintiff Campbell as a W2 non-exempt wage earner.

11.  The Defendants hired Plaintiff Campbell on or around October 3, 2022.

12.  Plaintiff Campbell stopped working for the Defendants on or around January 5, 2023.

13.  Defendants employed Plaintiff Campbell in the position of "Securi-COT," a position specific to Latam involving the loading of aircrafts, amongst other duties.

14.  Plaintiff Campbell's job duties included aircraft loading, ramp safety, ramp compliance, aircraft movement, and aircraft transit.

15.  Plaintiff Campbell worked for the Defendants in the 2022 calendar year.

16.  Plaintiff Campbell worked for the Defendants in the 2023 calendar year.

17.  Plaintiff Campbell worked 5 days per week from 2:15 pm to 11:00 pm which equates to 55 hours of work per week.

18.  Plaintiff Campbell worked for Defendant for approximately 12 weeks in 2022.

19.  Plaintiff Campbell worked for Defendant for approximately 1 week in 2023.

**W**AGE **N**OTICE **V**IOLATIONS

20.  Defendants paid Plaintiff Campbell on an hourly basis.

21.  Defendants paid Plaintiff Campbell on a biweekly basis**.**

22.  The duties of Plaintiffs position requires that more than 25% of his work to include lifting and other manual labor activities.

23.  For the purposes of New York Labor Law §190(4), Plaintiff is a manual worker, and therefore is required to be paid every week.

24.  As a result of not receiving weekly pay, Plaintiff suffered harm as he was unable to pay bills and living expenses.

25.  Defendants also failed to furnish to Plaintiff with a weekly statement listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions;

allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum.

26. Plaintiff Campbell never had the power to hire or fire employees, control employee work hours, or otherwise control other employee work conditions.

## SEXUAL ORIENTATION DISCRIMINATION

27. Defendants employed 15 or more employees while Plaintiff Campbell was employed.

28. Plaintiff Campbell received an EEOC right-to-sue letter on August 10, 2023.

29. Defendant LATAM AIRLINES GROUP is located in New York State and employed more than 1 employee while Plaintiff Campbell was employed.

30. Defendant LATAM AIRLINES GROUP is located in New York City and employed more than 1 employee while Plaintiff Campbell was employed.

31. Plaintiff Campbell was able to perform the essential functions of his job while employed by Defendants.

32. Plaintiff Campbell was rarely, if ever, disciplined while employed by Defendants.

33. Plaintiff Campbell identifies as a homosexual man.

34. Defendants allowed a hostile work environment to exist in their workplace despite having knowledge of discriminatory actions against Plaintiff and failing to properly investigate and mitigate Plaintiff Campbells grievances about his harassment based on his sexual orientation.

35. On October 3, 2022, Mr. Campbell began his initial training at the Defendants' facility. In getting to know his coworkers and supervisors, Plaintiff revealed that he was a gay man, and had a life partner whom he loved.

36. Immediately after learning that Plaintiff identifies as a homosexual man, Ivan Guaman or ("Mr. Guaman"), a trainer at Defendants' facilities, began making derogatory comments about Plaintiff's sexuality and expressed an exaggerated face of disgust in response to finding out that Plaintiff was gay.

37. Ivan Guaman also began speaking about Mr. Campbell's sexuality with his coworkers and further referred to Mr. Campbell as stupid even though Plaintiff earned above-average scores during the training.

38. Mr. Guaman spoke about Plaintiff's sexual identity to Plaintiff's coworkers, and he would make persistent, unwanted comments and innuendos about Plaintiff's sexuality such as putting his hand in an "effeminate" position upon seeing Plaintiff at the workplace.

39. In mid-October, after revealing his sexual identity to Mr. Guaman, Plaintiff was transferred to the bag room position with no previous training even though he still had 6-weeks left on his SecuriCOT position.

40. On information and belief Defendants changed Plaintiff Campbell's position, from Securi-COT to Bag room due to his sexual orientation.

## RETALIATION

41. Defendants unlawfully retaliated against Plaintiff Campbell because Plaintiff engaged in a protected activity.

42. On or about November 5, 2022, Plaintiff Campbell engaged in protected workplace activity when he complained to Human Resources about the discriminatory and unequal treatment that he was experiencing based on his sexual orientation.

43. After Plaintiff engaged in the aforementioned protected activity, Defendants began to change his work schedule.

44. Around December 2022, Plaintiff engaged in another protected activity by having a meeting with Human Resources about the complaint he filed in November 2022 regarding the discrimination he was suffering. However, Human Resources failed to address Plaintiff's concerns.

45. On or about January 5, 2023, Plaintiff Campbell had another meeting with human resources, regarding the discrimination he was suffering due to his sexual orientation.

46. Two hours after the meeting with human resources to discuss Plaintiff's complaints took place, Plaintiff's employment was terminated.

47. On information and belief Plaintiff's employment was terminated in retaliation after he engaged in a protected activity by complaining about the discrimination, he suffered due to his sexual orientation.

## Unpaid Wages

48. Defendants failed to pay Plaintiff wages on time.

49. Plaintiff is a manual worker since a large portion of his duties involved physical labor.

50. Defendants are required to pay manual workers such as Plaintiff within one week of performing their duties.

51. Defendants paid Plaintiff biweekly.

52. Defendants did not pay Plaintiff his wages in full every week as required by the New York Labor Law §191.

## FIRST CAUSE OF ACTION
### (Discrimination)
### Title VII of the Civil Rights Act of 1964

53. Every fact alleged herein is repeated, re-alleged, and incorporated as though fully set forth herein.

54. As set forth herein, Defendants took an adverse employment action against Plaintiff based on the protected characteristic of his sexual orientation.

55. Under Title VII, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of sexual orientation.

56. Plaintiff suffered an adverse employment action as a result of identifying as a homosexual man as his job position was changed, his schedule was changed, and he was terminated after revealing his sexual identity to his supervisor.

57. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## SECOND CAUSE OF ACTION
### (Harassment Hostile Work Environment)
### Title VII of the Civil Rights Act of 1964

58. Every fact alleged herein is repeated, re-alleged, and incorporated as though fully set forth herein.

59. As set forth herein, the Defendants unlawfully discriminated against Plaintiff by creating a hostile work environment based on the protected characteristic of sexual orientation.

60. Under Title VII, Plaintiff was entitled to remain free from working in a hostile work environment.

61. Plaintiff was subjected to persistent, unwanted comments about his sexual identity by his supervisor.

62. Defendants failed to mitigate or investigate Plaintiff's claims despite having knowledge of said claims through Plaintiff's complaints to Human Resources.

63. By failing to create a work environment that was free from hostile attitudes and behaviors directed at Plaintiff's protected characteristics, the Defendants took an adverse employment action against Plaintiff in violation of Title VII.

64. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## THIRD CAUSE OF ACTION
### (Retaliation)
### Title VII of the Civil Rights Act of 1964

65. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

66. The anti-retaliation protections of Title VII and its supporting regulations apply to the Defendants and protected the Plaintiff.

67. The Defendants retaliated against Plaintiff when the Defendants took an adverse employment action against Plaintiff's as described herein because the Plaintiff engaged in the protected activity described herein.

68. By Defendants' knowing or intentional retaliation against the Plaintiff the Defendants violated Title VII, and the supporting Regulations.

69. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney's fees and costs of the action, pre-judgment and post-judgment interest, and statutory damages from Defendants.

## FOURTH CAUSE OF ACTION
### (Discrimination)
### New York Exec. Law §296 et. seq.

70. Every fact alleged herein is repeated, re-alleged, and incorporated as though fully set forth herein.

71. As set forth herein, Defendants took an adverse employment action against Plaintiff based on the protected characteristic of his sexual orientation.

72. Under the NYSHRL, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of sexual orientation.

73. Plaintiff suffered an adverse employment action because of identifying as a homosexual man as his job position was changed, his schedule was changed, and he was terminated after revealing his sexual identity to his supervisor.

74. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## FIFTH CAUSE OF ACTION
### (Hostile work environment)
### New York Exec. Law §296 et. seq.

75. Every fact alleged herein is repeated, re-alleged, and incorporated as though fully set forth herein.

76. As set forth herein, the Defendants unlawfully discriminated against Plaintiff by creating a hostile work environment based on the protected characteristic of sexual orientation.

77. Under the NYSHRL, Plaintiff was entitled to remain free from working in a hostile work environment.

78. Plaintiff was subjected to persistent, unwanted comments about his sexual identity by his supervisor.

79. Defendants failed to mitigate or investigate Plaintiff's claims despite having knowledge of said claims through Plaintiff's complaints to Human Resources.

80. By failing to create a work environment that was free from hostile attitudes and behaviors directed at Plaintiff's protected characteristics, the Defendants took an adverse employment action against Plaintiff in violation of the NYSHRL.

81. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## SIXTH CAUSE OF ACTION
### (Retaliation)
### New York Exec. Law §296 et. seq.

82. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

83. The anti-retaliation protections of the NYHRL and its supporting regulations apply to the Defendants and protected the Plaintiff.

84. The Defendants retaliated against Plaintiff when the Defendants took an adverse employment action against Plaintiff as described herein because Plaintiff engaged in the protected activity described herein.

85. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated NYHRL, and the supporting Regulations.

86. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney's fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

## SEVENTH CAUSE OF ACTION
### (Discrimination)
### NYCHRL

87. Every fact alleged herein is repeated, re-alleged, and incorporated as though fully set forth herein.

88. As set forth herein, Defendants took an adverse employment action against Plaintiff based on the protected characteristic of his sexual orientation.

89. Under the NYCHRL, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on the protected characteristic of sexual orientation.

90. Plaintiff suffered an adverse employment action because of identifying as a homosexual man as his job position was changed, his schedule was changed, and he was terminated after revealing his sexual identity to his supervisor.

91. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.


## EIGTH CAUSE OF ACTION
### (Hostile work environment)
### NYCHRL

92. Every fact alleged herein is repeated, re-alleged, and incorporated as though fully set forth herein.

93. As set forth herein, the Defendants unlawfully discriminated against Plaintiff by creating a hostile work environment based on the protected characteristic of sexual orientation.

94. Under the NYCHRL, Plaintiff was entitled to remain free from working in a hostile work environment.

95. Plaintiff was subjected to persistent, unwanted comments about his sexual identity by his supervisor.

96. Defendants failed to mitigate or investigate Plaintiff's claims despite having knowledge of said claims through Plaintiff's complaints to Human Resources.

97. By failing to create a work environment that was free from hostile attitudes and behaviors directed at Plaintiff's protected characteristics, the Defendants took an adverse employment action against Plaintiff in violation of the NYCHRL.

98. Plaintiff suffered harm because of the Defendants' unlawful discriminatory conduct as set forth herein.

## NINTH CAUSE OF ACTION
### (Retaliation)
### NYCHRL

99. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

100. The anti-retaliation protections of the NYCHRL and its supporting regulations apply to the Defendants and protected the Plaintiff.

101. The Defendants retaliated against Plaintiff when the Defendants took an adverse employment action against Plaintiff as described herein because Plaintiff engaged in the protected activity described herein.

102. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated NYCHRL, and the supporting Regulations.

103. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney's fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

## TENTH CAUSE OF ACTION
### (Retaliation)
### NYLL §215

104. All allegations are hereby repeated, re-alleged, and reincorporated as though fully set forth herein.

105. The anti-retaliation protections of NY Lab. Law §215 and its supporting regulations apply to the Defendants and protected the Plaintiff.

106. The Defendants retaliated against Plaintiff when the Defendants took an adverse employment action against Plaintiff as described herein because Plaintiff engaged in the protected activity described herein.

107. By Defendants' knowing or intentional retaliation against Plaintiff, the Defendants violated NY Lab. Law §215, and the supporting regulations.

108. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney's fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

109. In accordance with NY Lab. Law. §215(2)(b), prior to commencing this action, Plaintiff via counsel notified the NYS Attorney General's office of this action.

## ELEVENTH CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

110. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

111. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

112. Defendants failed to pay the Plaintiff wages as required by NYLL §191 by not paying wages within the statutory time-period.

113. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

## TWELFTH CAUSE OF ACTION
### (Wage Notice Violations)
### NYLL §198 (1-d)

114. All allegations are hereby repeated, re-alleged, and reincorporated as though fully set forth herein.

115. The protection of NYLL §198 (1-d) applied to Defendants and protected Plaintiff.

116. Under §198 (1-d) an employer is required to pay a manual worker in full on a weekly basis and provide with every payment of wages the dates of work covered by that payment; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary; gross wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

117. On information and belief, Defendants failed to pay Plaintiff in full on a weekly basis with the requisite information.

118. Due to Defendants' violations, Plaintiff is entitled to recover two hundred fifty dollars ($250.00) for each workday the violation occurred not to exceed $5,000 dollars in addition to costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks all available remedies available under all causes of action listed herein this Complaint, and any and all of remedies that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:    White Plains, New York
            September 4, 2023

EL-HAG & ASSOCIATES, P.C

`

_Jordan El-Hag_
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com